———————o———————

No. 4499.

(Court of Appeal, Parish of Orleans.)

## VACANT ESTATE OF JACOB FREDERICK MAYER.

The sale of property belonging to an absentee may not be ordered on the application of his curator without satisfactory proof that the absentee has not been heard from for the space of ten years, and that he has no known neirs residing in the State.

Appeal from Civil District Court, Division D.

E. T. Florance, for Appellee.

Joseph Lautenschlaeger, for Appellant.

MOORE, J. This was a suit to compel acceptance of title of property belonging to an absentee, and which was adjudicated at a sale made under orders of Court at the instance of the absentee's curator. Several objections are urged against the title, the only one seriously pressed being that there was no proof that the absentee had not been heard from for the space of ten years, and that he has no known heirs residing in this State. It is Code law that no sale of an absentee's property can be lawfully ordered on the application of the curator, unless satis-

factory proof is made of these facts (C. C. Art. 53). No such proof is found in the record. We are assured at the bar of the Court by the counsel for the curator, who is the appellee here, that such proof was administered in the trial court, but that through oversight it was not taken down by the stenographer, or, if taken down, was not transcribed and filed, and that it was only after proof was made that the judge *a qua* rendered judgment against the adjudicatee.

In matters of this character the evidence ought to be of record, and preserved for the future protection of all concerned.

Whilst accepting as true the statement of counsel that such proof was administered below, we do not feel justified in the present condition of the record in affirming the judgment. We will remand it for trial *de novo,* giving both sides full opportunity of administering such proof as they may have and the character of the cause will admit.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed, and further that the cause be remanded to the lower Court for trial *de novo* and according to law, and without restriction on either party hereto as to evidence legally admissible under the pleadings. The costs of appeal to be paid by the appellee and those of the lower court to await final decision on the merits.